## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

ANGELIA SCOTT,            )
            )
       Plaintiff,    )    Case No. _____
            )
vs.            )    Removed from the Circuit Court
            )    of the City of St. Louis
ST. LOUIS UNIVERSITY    )    (Case. No: 2122-CC09346)
HOSPITAL,         )
            )
       Defendants.   )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant named as St. Louis University Hospital in the State Court Petition (the Hospital)[1] files this Notice of Removal for the purpose of removing the above-captioned action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri based on federal question jurisdiction. In support of the Notice of Removal, the Hospital states as follows:

1.    Plaintiff Angelia Scott ("Plaintiff") commenced the above-captioned action in the Circuit Court of St. Louis City, Missouri on September 23, 2021, by filing her Petition in the cause styled *Angelia Scott v. St. Louis University Hospital*, Case No. 2122-CC09346. A complete copy of the state court file is attached hereto and marked **Exhibit A**.

2.    On October 11, 2021, the Hospital accepted service of the Petition, thereby waiving service by an officer pursuant to Mo. Rev. Stat. § 506.150.2 and Mo.

---

[1] Defendant's correct legal name is SSM-SLUH, Inc. d/b/a SSM Health Saint Louis University Hospital.

Sup. Ct. R. 54.13(c). *See* October 11, 2021 email from counsel for the Hospital to counsel for Plaintiff, attached hereto and marked **Exhibit B**. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of "all process, pleadings, documents and orders" served upon the Hospital is attached hereto and marked **Exhibit C**.

3.     This Notice of Removal is timely filed within thirty (30) days after the Hospital received the Petition through service or otherwise as required by 28 U.S.C. § 1446(b).

4.     Promptly after removal, copies of this Notice shall also be filed with the Clerk of the Circuit Court of the City of St. Louis, Missouri and provided to Plaintiff pursuant to § 1446(d). A copy of the Notice to State Court of the Filing of the Notice of Removal is attached hereto and marked **Exhibit D**. A copy of the Notice to Plaintiff of the Filing of the Notice of Removal is attached hereto and marked **Exhibit E**.

5.     The United States District Court for the Eastern District of Missouri is the federal judicial district embracing the Circuit Court of the City of St. Louis, Missouri, where this suit was originally filed. 28 U.S.C. §§ 93(c), 1441(a).

## FEDERAL QUESTION JURISDICTION

6.     Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction is "[f]ederal question" cases "arising under the treaties of the United States." 28 U.S.C. § 1331.

7.     In this action, removal is proper pursuant to 28 U.S.C. § 1441, as this honorable Court has original jurisdiction.

8.     In her Petition, Plaintiff asserts violations of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*., and the Patient Protection and Affordable Care Act (ACA), 42 U.S.C. § 18116.

9.     Specifically, Count I purports to state a claim under Title VII for associational sex discrimination, and Count II purports to state a claim under the ACA for discrimination on the basis of sex. Plaintiff alleges that the Hospital has discriminated against her in violation of Title VII because the health plan sponsored and funded by the Hospital (the Health Plan) includes a "categorical exclusion" for all care related to gender dysphoria and gender reassignment. Plaintiff claims that because her son is purportedly unable to receive treatments related to gender dysphoria under the Health Plan, Plaintiff has been discriminated against in violation of Title VII and the ACA.

10.     Although Plaintiff has not attached the Health Plan to her state court pleading, both of her claims arise under and relate to the employer-sponsored Health Plan.  Plaintiff makes reference to the Health Plan, the coverage of the Health Plan, and the sponsorship of the Health Plan by her employer. As such, the Health Plan is central to Plaintiff's pleadings and may be properly attached hereto and considered by the Court. A copy is attached as **Exhibit F-1**.  Attached as **<u>Exhibit F</u>** is a Declaration verifying that **<u>Exhibit F-1</u>** is a true and accurate copy of the Health Plan documents.

11.     The Health Plan reflects that it is a self-funded Health Plan governed by the Employee Retirement Income Security Act of 1974 (ERISA).

12.     As such, Plaintiff's claims arise under and relate to an ERISA-governed plan despite her failure to cite to ERISA in her state court Petition, giving the Court original jurisdiction on this basis as well. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 206-07 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987) (explaining that a claim for benefits under an ERISA-covered plan falls under § 502(a)(1)(B) of ERISA, which "provides an exclusive federal cause of action for resolution of such disputes"). If a claim may only be brought under federal law, such as a claim for benefits under an ERISA-governed plan, it may be characterized as a federal claim and is removable. *See, e.g.*, *Parish v. Metropolitan Life Ins. Co.*, No. 2:04CV00190 GH, 2005 WL 8164593, *2 (E.D. Ark. Sept. 19, 2005).

13.     For all of the foregoing reasons, this action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983).

14.     As a civil action founded on a claim or right under the laws of the United States, this action is properly removable pursuant to 28 U.S.C. §§ 1441(a).

WHEREFORE, Defendant hereby removes the above-styled action pending against it in the Circuit Court of the City of St. Louis, Missouri to this honorable Court.

Dated:  October 22, 2021                  Respectfully submitted,

                                 GREENSFELDER, HEMKER & GALE, P.C.


By:   /s/ Lauren A. Daming
      Amy L. Blaisdell, MO Bar #51068
      Lauren A. Daming, MO Bar #66472
      10 S. Broadway, Suite 2000
      St. Louis, MO  63102-1747
      Telephone:  314/241-9090
      Facsimile:  314/241-3643
      apb@greensfelder.com
      ldaming@greensfelder.com

      ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

    I hereby certify that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served same via email on:

Madeline Johnson
Law Office of Madeline Johnson
220 Main Street, Suite 201
Platte City, Missouri 64079
mmjohnsonlaw@gmail.com

***Attorneys for Plaintiff***


                              /s/ Lauren A. Daming