IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELIA SCOTT, | ) |
| Plaintiff, | ) Case No. 4:21-cv-01270-AGF |
| vs. | ) |
| ST. LOUIS UNIVERSITY HOSPITAL, | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.   Introduction**

Ms. Scott is a former employee of SSM-SLUH, Inc. d/b/a SSM Health Saint Louis University Hospital (the Hospital). The Hospital is listed in the Official Catholic Directory as a ministry of the Roman Catholic Church.[1] As a ministry of the Roman Catholic Church, the Hospital is bound to follow the Ethical and Religious Directives for Catholic Health Care Services[2] and the teachings of the Catholic Church. As such, the health plan (Plan) offered by the Hospital to its employees and their dependents excludes coverage for various treatments that conflict with the teachings of the Catholic Church. Among these, the Plan excludes coverage for sex reassignment surgery and certain other transition-related services.

Ms. Scott takes issue with the Hospital's exclusion of transition-related medical services as it pertains to her son. She claims that the failure to make certain

---

[1] *See* Official Catholic Directory, attached hereto and marked Exhibit 1.
[2] *See* Ethical and Religious Directives for Catholic Health Care Services, Sixth Edition, attached hereto and marked Exhibit 2, available at www.usccb.org.

1927463

transition-related services available to her son constitutes discrimination based on sex in violation of Title VII of the Civil Rights Act (Title VII) and the Patient Protection and Affordable Care Act (ACA). Ms. Scott's claims fail for several reasons. First, the health benefits with which she takes issue were provided through an employer-sponsored welfare benefit plan, which is governed by the Employee Retirement Income Security Act of 1974 (ERISA). *See* Plan, attached hereto and marked Exhibit 3.[3] Plaintiff clearly seeks to obtain benefits or change the scope of coverage under the Plan and yet has not properly plead a claim under ERISA. Plaintiff cannot circumvent the terms of the Plan by instead pleading a claim under Title VII and the ACA. Second, Ms. Scott's discrimination claims suffer from multiple fatal flaws. She cannot bring a claim under Title VII because she has not alleged any unlawful conduct taken *because of her* sex. Instead, she claims that she can bring an associational claim of discrimination based upon her relationship with her transgender son, but her argument is contrary to Eighth Circuit law. Likewise, Ms. Scott cannot bring a claim under the ACA because she has not pled a cognizable claim of sex discrimination under Title IX, the underlying statute that is the basis for her ACA discrimination claim. In fact, she has not demonstrated that she experienced discrimination within the scope of Title IX or that she is within the class of plaintiffs who may bring such a claim. For that reason, her ACA claim should be dismissed as well.

---

[3] The Plan is "incorporated by reference or integral to the claim" and, thus, can be considered on a motion to dismiss. *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1083 (8th Cir. 2014).

## II. Procedural History

Plaintiff Angelia Scott filed her Petition in the Circuit Court for St. Louis County, Missouri on September 23, 2021 against the Hospital. The Hospital removed the case to this Court on the basis of federal question jurisdiction on October 22, 2021.

## III. Standard of Review

Rule 12(b)(6) provides that a party may raise by motion the affirmative defense of failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, the court must view the allegations in the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should be granted when the plaintiff can prove no set of facts that entitle him to relief. *Id.* Moreover, a motion to dismiss should be granted when a plaintiff includes "allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.*

## IV. Argument

### A. Ms. Scott has not properly pled a claim under ERISA, which is the appropriate mechanism for obtaining benefits or expanding the Plan's coverage.

The entire thrust of Ms. Scott's Petition is her attempt to obtain transition-related benefits for her son, which she believes should be available under the Hospital's ERISA-governed Plan. ERISA's civil enforcement provisions "provide the exclusive remedy for participants or beneficiaries seeking to enforce their rights under an ERISA plan." *Slice v. Sons of Norway*, 34 F.3d 630, 631–32 (8th Cir. 1994); *see also* 29 U.S.C. § 1132(a) ("A civil action may be brought … by a participant or

beneficiary … to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."). The Plan itself is clear that it is governed by ERISA, and it includes a procedure for participants to file claims for benefits and appeal claims decisions, if necessary. *See* Exhibit 3, Plan, at pp. 58-61. The Plan provides that participants "have the right to bring a civil action under section 502(a) of ERISA if [they] are not satisfied with the outcome of the Appeals Procedure. In most instances, [participants] may not initiate a legal action … until [they] have completed the appeal processes." *Id.* at p. 61.

Notwithstanding the provisions of the Plan, Ms. Scott has not pled that she attempted to obtain precertification for any benefits sought under the Plan, filed a claim for benefits for transition-related coverage for her son, or appealed an adverse claims decision. Thus, she has failed to exhaust her administrative remedies—a requirement of ERISA—with respect to her attempt to recover benefits allegedly due under the Plan. *See Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998). Ms. Scott should be required to exhaust her administrative remedies under the Plan and then seek relief under ERISA rather than circumventing the Plan's procedures by pursuing a Title VII and ACA claim.

Ms. Scott should not be able to do an end-run around ERISA and its carefully balanced administrative scheme by framing her claim for benefits as Title VII and ACA claims. If Ms. Scott wishes to pursue benefits under the Plan or seek to enforce other rights under the Plan, she must follow ERISA's administrative scheme.

Because Ms. Scott's Petition seeking benefits under the Plan does not assert a cognizable ERISA claim for benefits, her Petition must be dismissed.

**B.    Count One should be dismissed because Ms. Scott has not alleged that she was discriminated against on the basis of *her own* gender as Title VII requires.**

To state a cognizable claim under Title VII, a plaintiff must demonstrate that she "falls within the class of plaintiffs whom Congress has authorized to sue" under the statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). If a plaintiff cannot do so, the claim must be dismissed under Fed. R. Civ. P. 12(b)(6). *Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017). The analysis requires the application of traditional principles of statutory interpretation to determine whether Congress intended to include a particular claim within the statutory scope. *Id.*

The central question regarding Count One is narrow: does Ms. Scott's complaint on her own behalf about her former employer's refusal to cover treatment for her son fall within the protections of Title VII? The Court of Appeals for the Eighth Circuit has already considered this question in a case involving nearly identical facts and concluded that the answer to that question is no. *Tovar*, 857 F.3d at 775. The reasoning of *Tovar* is equally applicable here:

> [T]he plain text of Title VII contravenes [the plaintiff's] argument that she is within the class of plaintiffs for whom Congress authorized that cause of action. The statute provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of <u>such individual's</u> race, color, religion, sex, or national origin." 42

> U.S.C. § 2000e–2(a) (emphasis added). In other words, the statute prohibits employers from discriminating against employees on the basis of their protected characteristics. [The plaintiff] has not alleged that she was discriminated against on the basis of her own sex; rather, she alleges that she was discriminated against because of her son's sex. By its terms the protections of Title VII do not extend to such discrimination."

*Id*. at 775-76.

In this case, as in *Tovar*, Ms. Scott has not alleged that she was discriminated against due to her own sex. Instead, she claims only that the Hospital's Plan's exclusion of gender dysphoria treatment discriminated against *her* "because of" her son's sex. Pet. ¶¶ 38, 44, 51. This allegation places her claim squarely outside the scope of Title VII.

Furthermore, Ms. Scott's framing Count One as one of "associational discrimination" does not save her claim as this argument has also been specifically rejected in *Tovar*. To this end, Ms. Scott alleges that under Title VII she is "protected by association with her son, who is a member of the protected class of sex." Pet. ¶ 36. Title VII does not delineate a cause of action for unlawful discrimination based on association, nor has the Eighth Circuit recognized such a claim. Although some courts have recognized "associational" claims under Title VII, they have only done so on the basis of a plaintiff's own protected characteristic, "even if the significance of that characteristic [i]s defined in relation to the characteristics of a third party." *Id*. at 776. For example, a claim alleging discrimination because the plaintiff associated with a person of a different race must show that the plaintiff was discriminated against on the basis of his *own* race because his race was different than the race of

those he associated with. *La Rocca v. Precision Motorcars, Inc.*, 45 F. Supp. 2d 762, 773 (D. Neb. 1999). Some courts have recognized that employers violate Title VII when they discriminate against employees on the basis of their association with people of another sex, but these courts still require discrimination by the employer against the employee based on the employee's own sex. *See Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 125 (2d Cir. 2018).

Here, Count One fails to establish a claim under Title VII because Ms. Scott has not alleged discrimination on the basis of her own sex or even identified any discriminatory act directed toward her based on her sex. As such, she has not demonstrated that she is in the class of plaintiffs that may bring claims under Title VII and Count One must therefore be dismissed.

**C.    Count Two should be dismissed because without a cognizable sex discrimination claim, Ms. Scott's ACA claim must fail as well.**

Section 1557 of the ACA prohibits any health program or activity that receives federal funds from discriminating against individuals on the basis of protected characteristics. 42 U.S.C. § 18116(a); *see also* 45 C.F.R. § 92.2. Section 1557 does not "create new bases of prohibited discrimination"; instead, it incorporates the grounds of four existing federal nondiscrimination statutes: Title VI of the Civil Rights Act (race, color, or national origin), Title IX of the Civil Rights Act (sex), the Age Discrimination Act (age), and Section 504 of the Rehabilitation Act (disability). *Franciscan Alliance, Inc. v. Burwell*, 227 F. Supp. 3d 660, 671 (N.D. Tex. 2016); *see also* 42 U.S.C. § 18116(a). The ACA "does not change the nature of those grounds any more than it adds a new form of discrimination." *Doe v. BlueCross BlueShield of*

*Tennessee, Inc.*, 926 F.3d 235, 239 (6th Cir. 2019). The statute was intended to "clarif[y] and codif[y] existing nondiscrimination requirements," Nondiscrimination in Health Programs and Activities, 81 Fed. Reg. 31375, 31376 (May 18, 2016), and Congress "incorporated the legal standards that define discrimination under each one." *BlueCross BlueShield*, 926 F.3d at 239. The enforcement mechanisms of the four statutes are also expressly adopted by Section 1557 for purposes of adjudicating violations under the ACA. 42 U.S.C. § 18116(a).

If a plaintiff cannot satisfy the pleading standard of the underlying discrimination statute, an ACA claim fails as a matter of law. *See York v. Wellmark, Inc.*, 416CV00627RGECFB, 2017 WL 11261026, at *18 (S.D. Iowa Sept. 6, 2017), *aff'd*, 965 F.3d 633 (8th Cir. 2020). In *York*, the plaintiff brought a claim for disparate impact sex discrimination under the ACA. *Id.* at *15. However, because the ACA incorporates the sex discrimination standards of Title IX, which does not recognize disparate impact claims, the plaintiff could not state a claim under Title IX, resulting in dismissal of the ACA claim as well. *Id.* at 18. Other courts have also recognized that if the plaintiff's underlying statutory claim cannot stand, the ACA claim must fail as well. S*ee e.g.*, *Basta v. Novant Health, Inc.*, 3:19-CV-64-RJC-DSC, 2021 WL 5326367, at *4 (W.D.N.C. Nov. 16, 2021) (dismissing ACA claim because the Section 504 and ACA claims "rise and fall together" and plaintiff could not state a claim under Section 504); *Weinreb v. Xerox Bus. Services, LLC Health & Welfare Plan*, 323 F. Supp. 3d 501, 522 (S.D.N.Y. 2018), *adhered to on denial of reconsideration sub nom. Weinreb v. Xerox Bus. Services*, 16-CV-6823 (JGK), 2020 WL 4288376 (S.D.N.Y. July

27, 2020) (dismissing ACA claim because plaintiff did not satisfy the pleading standard for a Title IX claim); *see also Tovar v. Essentia Health*, Civil No. 16-100 (DWF/LIB) 342 F. Supp. 3d 947, 952 (D. Minn. Sept. 20, 2018) (*Tovar II*) ("a plaintiff bringing a Section 1557 claim must essentially plead a corresponding civil rights statute predicate").

Ms. Scott's sex discrimination claim under the ACA is founded on Title IX. To state a viable claim for sex discrimination under Title IX, and by extension Section 1557, Ms. Scott must allege that: (1) the Hospital is a healthcare program that receives federal financial assistance; (2) Ms. Scott was excluded from participation in, denied the benefits of, or subjected to discrimination in the provision of healthcare services; and (3) the latter occurred on the basis of Ms. Scott's sex. *C.P. by & through Pritchard v. Blue Cross Blue Shield of Illinois*, 3:20-CV-06145-RJB, 2021 WL 1758896, at *4 (W.D. Wash. May 4, 2021). Ms. Scott's ACA claim falls flat for much the same reason that her Title VII claim fails: she is not within the intended class of plaintiffs who may bring suit under Title IX and has not alleged a cognizable claim of sex discrimination under that statute.

The inquiry to determine whether Ms. Scott may bring suit under Title IX is analyzing whether her interests "fall within the zone of interests protected" and whether her" injuries are proximately caused by violations of the statute." *Tovar II*, 342 F. Supp. 3d at 956. The intent of Section 1557 is to forbid discrimination, denial of benefits, or exclusion of participation in a health program or activity "on the ground" of sex. 42 U.S.C. § 18116(a). In her Petition, Ms. Scott does not allege that

she was denied participation in or the benefits of any health program or activity or that she was discriminated against. Rather all of her allegations center on her son's experience: he was allegedly excluded from medically necessary care for the treatment of gender dysphoria because of his [the enrolled member's] sex, Pet. ¶ 50; he was allegedly denied coverage for necessary gender confirming health care because of his sex, Pet. ¶ 51; and he was allegedly forced to either forego or delay medically necessary gender confirming health care, Pet. ¶ 52. Although Ms. Scott frames these events as uniquely affecting her, she simply does not allege any concrete discrimination, exclusion, or denial that she personally faced as a result of the terms of the Hospital's health care coverage.

As with Ms. Scott's Title VII claim, to fall within the class of plaintiffs that may find relief under Title IX, Ms. Scott must allege discriminatory acts based upon *her own* sex—not her son's. *Moe v. Univ. of N. Dakota*, CIV A2-98-123, 1999 WL 33283358, at *2 (D.N.D. May 7, 1999). In *Moe*, the court explained that a plaintiff's assertion that he was discriminated against on the basis of another person's sex was not sufficient for a claim under Title IX. *Id*. In fact, even if the plaintiff was "injured as a result of defendant's allegedly discriminatory act, [if] the discrimination was not directed towards him because of his gender, plaintiff's claim does not fall within Title IX's zone of interest." *Id*. So even if Ms. Scott can allege some harm to herself stemming from the alleged conduct in the Petition, it is not actionable unless it was based upon an animus against *her* gender. Importantly, the regulations implementing Title IX explicitly provide that a recipient of federal funds may not

1927463                                                    10

"[d]iscriminate on the basis of sex with regard to making fringe benefits available to employees or make fringe benefits available to spouses, families, or dependents of employees differently upon the basis *of the employee's sex.*" 34 C.F.R. § 106.56(b)(1). The text of the regulation unambiguously requires a showing that the employee's own sex is the reason for allegedly discriminatory fringe benefits accessible to dependents.

In this case, Ms. Scott cannot state a claim under Title IX because she is not within the class of plaintiffs who may do so, she has not alleged any prohibited conduct taken against her under the statute, and she has not alleged that any prohibited conduct was taken due to her own sex. Because she cannot maintain a Title IX claim, her ACA claim similarly fails and must be dismissed.

V.  **Conclusion**

For all of the foregoing reasons, Defendant prays that this Court enter an order dismissing Plaintiff's Petition with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and for such further relief as this Court deems just and proper.

Dated: December 1, 2021  Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By:   /s/ Lauren A. Daming
Amy L. Blaisdell, MO Bar #51068
Lauren A. Daming, MO Bar #66472
10 S. Broadway, Suite 2000
St. Louis, MO 63102-1747
Telephone: 314/241-9090
Facsimile: 314/241-8624
apb@greensfelder.com
ldaming@greensfelder.com

***Attorneys for Defendant***

1927463  11

## CERTIFICATE OF SERVICE

  I hereby certify that on December 1, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served same via email on:

Madeline Johnson
Law Office of Madeline Johnson
220 Main Street, Suite 201
Platte City, Missouri 64079
mmjohnsonlaw@gmail.com

***Attorneys for Plaintiff***

                /s/ Lauren A. Daming